**MAYER BROWN LLP**
DANIEL D. QUEEN (SBN 292275)
dqueen@mayerbrown.com
350 South Grand Ave., 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500

*Counsel for Defendant 3M Company*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| CITY OF WHITTIER,<br><br>Plaintiff,<br><br>v.<br><br>3M COMPANY; AGC CHEMICALS AMERICAS INC.; AGC, INC.; ANGUS INTERNATIONAL SAFETY GROUP, LTD; ARCHROMA MANAGEMENT, LLC; ARCHROMA U.S., INC.; ARKEMA, INC.; BASF CORPORATION; BUCKEYE FIRE EQUIPMENT COMPANY; CARRIER GLOBAL CORPORATION; CENTRAL SPRINKLER, LLC; CHEMDESIGN PRODUCTS, INC.; CHEMGUARD, INC.; CHEMICALS INCORPORATED; CHUBB FIRE, LTD; CLARIANT CORPORATION; CORTEVA, INC.; DEEPWATER CHEMICALS, INC.; JOHN DOE DEFENDANTS 1-49; DUPONT DE NEMOURS INC.; DYNAX CORPORATION; E. I. DUPONT DE | Case No. 2:22-cv-1862<br><br>California State Court Case No. 22STCV06931<br><br>**DEFENDANT 3M COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441**<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| 1 | NEMOURS AND COMPANY; FIRE PRODUCTS GP HOLDING, LLC; JOHNSON CONTROLS INTERNATIONAL, PLC; KIDDE PLC, INC.; KIDDE-FENWAL, INC.; NATION FORD CHEMICAL COMPANY; NATIONAL FOAM, INC.; RAYTHEON TECHNOLOGIES CORPORATION; THE CHEMOURS COMPANY; THE CHEMOURS COMPANY FC, LLC; TYCO FIRE PRODUCTS LP; and UTC FIRE & SECURITY AMERICAS CORPORATION, INC., |
| | Defendants. |

Defendant 3M Company ("3M"), by and through undersigned counsel, hereby gives notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, from the Superior Court of the State of California in and for the County of Los Angeles, to the United States District Court for the Central District of California. As grounds for removal, 3M states as follows:

## BACKGROUND

1. This action was filed on February 25, 2022, in the Superior Court of the State of California in and for the County of Los Angeles, bearing case number 22STCV06931. (Ex. A, Complaint).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c)(2) and 1441(a) because the Superior Court of the State of California in and for the County of Los Angeles is located within the Central District of California, Western Division.

3. Under 28 U.S.C. § 1446(b), this Notice of Removal must be filed within 30 days of the service upon 3M of the complaint and summons. 3M was served on March 10, 2022. Accordingly, removal is timely.

4. No other process, pleadings, or orders have been served on 3M in this action.

5. All Defendants that have been properly joined and served in this action as of this date consent to the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (holding that § 1446(b)(2)(A) is satisfied where removing defendant avers that other defendants consent to removal).[1]

6. Plaintiff generally alleges that Defendants designed, manufactured, marketed, distributed, and sold per- and polyfluoroalkyl substances ("PFAS") that allegedly have contaminated Plaintiff's water supplies, water systems, production and distribution infrastructure, and other resources and property. (*E.g.*, Compl. ¶¶ 1-13).

7. Plaintiff asserts claims against all Defendants for strict product liability (design defect) (*id.* ¶¶ 55–74), strict product liability (failure to warn) (*id.* ¶¶ 75–84), public nuisance (*id.* ¶¶ 85–96), private nuisance (*id.* ¶¶ 97–100), trespass (*id.* ¶¶ 101–08), negligence (duty to warn) (*id.* ¶¶ 109–16), negligence (failure to recall) (*id.* ¶¶ 117–28), and liability under Cal. Civil Code § 1882 (*id.* ¶¶ 129–34). Plaintiff

---

[1] The following Defendants have been or may have been served in this action: Corteva, Inc., DuPont de Nemours, Inc., Kidde-Fenwal, Inc., Clariant Corporation, Archroma U.S., Inc., AGC Chemicals Americas, Inc., The Chemours Company, BASF Corporation, E.I. du Pont de Nemours and Company, and Tyco Fire Products LP. Counsel for these Defendants have advised 3M's counsel that these Defendants consent to removal. The remaining Defendants have not been served as of this date. Thus, their consent to removal is not necessary. *See* 28 U.S.C. § 1446(b)(2)(A) (providing that all defendants "who have been properly joined *and served* must join in or consent to the removal of the action" when removal is based solely on 28 U.S. Code § 1441 (emphasis added)); *see also, e.g.*, *Baiul v. NBC Sports, A Division of NBCUniversal Media, LLC*, 732 F. App'x 529, 530–31 (9th Cir. 2018) (defendants who are not properly served need not join in or consent to removal). The consent of the unnamed "John Doe Defendants" also is not required for removal. *See, e.g.*, *Gamarra v. ADT, LLC*, 2021 WL 223250, at *3 (C.D. Cal. Jan. 21, 2021).

also asserts a claim against E. I. DuPont de Nemours and Company, The Chemours Company, The Chemours Company FC, LLC, Corteva, Inc., and DuPont de Nemours, Inc. for violation of the Uniform Voidable Transfer Act (*id.* ¶¶ 135–46). Plaintiff seeks punitive damages from all Defendants (*id.* ¶ 147).

8. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Superior Court of the State of California in and for the County of Los Angeles.

9. By filing a Notice of Removal in this matter, 3M does not waive the rights of any Defendant to object to service of process, the sufficiency of process, jurisdiction over the person, or venue, and 3M specifically reserves the rights of all Defendants to assert any defenses and/or objections to which they may be entitled.

10. 3M reserves the right to amend or supplement this Notice of Removal.

11. If any question arises as to the propriety of the removal of this action, 3M respectfully requests the opportunity to present a brief and request oral argument in support of removal.

## REMOVAL IS PROPER BASED ON DIVERSITY JURISDICTION

12. Removal here is proper under 28 U.S.C. § 1332, which provides for removal where (1) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (2) complete diversity exists between the plaintiff and defendants. *See, e.g.*, *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 415 (9th Cir. 2018). Complete diversity exists if the suit is between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." 28 U.S.C. § 1332(a)(3). There is complete diversity here because Plaintiff is a citizen of California and every Defendant is either a citizen of a different state or a citizen or subject of a foreign state.

13. For diversity purposes, a corporation is a citizen of "every State or foreign state by which it has been incorporated" as well as "the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see, e.g.*,

*Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). An unincorporated business entity such as an LLC or a partnership "is a citizen of every state of which its owners/members are citizens." *Johnson*, 437 F.3d at 899; *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). An LLC's or partnership's own state of organization and principal place of business thus are "irrelevant" for determining its citizenship. *E.g.*, *Great Am. E&S Ins. Co. v. Palmcrest House, LLC*, 2015 WL 13388247, at *1 n.1 (C.D. Cal. July 17, 2015).

## I. There is Complete Diversity of Citizenship Between the Parties.

14. The Complaint alleges that "Plaintiff City of Whittier is a municipal corporation created pursuant to the laws of the State of California, with its principal address located at 13230 Penn Street, Whittier, California." (Compl. ¶ 14). Accordingly, on information and belief, Plaintiff is a citizen of California.

15. None of the Defendants is a citizen of California.

16. The Complaint alleges that 3M is a Delaware corporation with its principal place of business in Minnesota. (*Id.* ¶ 15(a)). Accordingly, 3M is a citizen of Delaware and Minnesota.

17. The Complaint alleges that Defendant E. I. du Pont de Nemours and Company ("DuPont") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 15(b)). Accordingly, on information and belief, DuPont is a citizen of Delaware.

18. The Complaint alleges that The Chemours Company ("Chemours") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 15(c)). Accordingly, on information and belief, Chemours is a citizen of Delaware.

19. The Complaint alleges that The Chemours Company FC, LLC is a Delaware limited liability company. (*Id.* ¶ 15(e)). On information and belief, the sole member of The Chemours Company FC, LLC is Defendant The Chemours Company, which is a citizen of Delaware. *See supra* ¶ 18. Accordingly, and on information and belief, The Chemours Company FC, LLC is a citizen of Delaware.

20. The Complaint alleges that Defendant Du Pont de Nemours Inc. ("New DuPont") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 15(f)). On information and belief, New DuPont is a citizen of Delaware.

21. The Complaint alleges that Defendant Corteva, Inc. ("Corteva") is a Delaware corporation with its principal place of business in Delaware. (*Id.* ¶ 15(g)). Accordingly, on information and belief, Corteva is a citizen of Delaware.

22. The Complaint alleges that Defendant Chemguard, Inc. ("Chemguard") is a Texas corporation with its principal place of business in Wisconsin. (*Id.* ¶ 15(h)). Accordingly, on information and belief, Chemguard is a citizen of Texas and Wisconsin.

23. The Complaint alleges that Defendant Tyco Fire Products LP ("Tyco") is a Delaware limited partnership. (*Id.* ¶ 15(j)). Thus, Tyco Fire Products LP has the same citizenship as its limited and general partners. On information and belief, Tyco Fire Products LP's partners are Defendant Central Sprinkler LLC and Defendant Fire Products GP Holding, LLC. In turn, these limited liability companies have the citizenship of their members: on information and belief, (i) Defendant Fire Products GP Holding, LLC is wholly owned by its single member, Defendant Central Sprinkler LLC; (ii) Central Sprinkler LLC is wholly owned by its single member, Tyco International Management Company, LLC; (iii) Tyco International Management Company, LLC is wholly owned by its single member, Tyco Fire & Security Holdings LLC; (iv) Tyco Fire & Security Holdings LLC is wholly owned by its single member, Tyco Fire & Security (US) Management, LLC; (v) Tyco Fire & Security (US) Management, LLC is wholly owned by its single member, Johnson Controls US Holdings LLC; (vi) Johnson Controls US Holdings LLC is owned by three foreign members, JIH S.a.r.l., Tyco International Holding S.a.r.l., and Tyco International Finance S.A.; (vii) the ultimate owner, partner, and/or member of each of these three foreign entities is Defendant Johnson Controls International plc; and (viii) Johnson Controls International plc is a citizen or a subject of a foreign state

under 28 U.S.C. § 1332. *See infra* ¶ 24. Thus, Tyco Fire Products LP is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

24. The Complaint alleges that Defendant Johnson Controls International, plc ("JCI") is an Irish public limited company with its principal place of business in Ireland. (*Id.* ¶ 15(h)). Accordingly, on information and belief, JCI is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

25. The Complaint alleges that Defendant Central Sprinkler, LLC ("Central Sprinkler") is a Delaware limited liability company. (*Id.* ¶ 15(m)). For the reasons stated above (at ¶ 23), on information and belief, Central Sprinkler is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

26. The Complaint alleges that Defendant Fire Products GP Holding, LLC ("Fire Products GP Holding") is a Delaware limited liability company. (*Id.* ¶ 15(n)). For the reasons stated above (at ¶ 23), on information and belief, Fire Products GP Holding is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

27. The Complaint alleges that Defendant Kidde-Fenwal, Inc. ("Kidde") is a Delaware corporation with its principal place of business in Massachusetts. (*Id.* ¶ 15(o)). Accordingly, on information and belief, Kidde is a citizen of Delaware and Massachusetts.

28. The Complaint alleges that Defendant Kidde PLC, Inc. ("Kidde PLC") is a Delaware corporation with its principal place of business in Connecticut. (*Id.* ¶ 15(p)). Accordingly, on information and belief, Kidde PLC is a citizen of Delaware and Connecticut.

29. The Complaint alleges that Defendant Chubb Fire, Ltd. ("Chubb") is a foreign private limited company registered in the United Kingdom with offices in the United Kingdom. (*Id.* ¶ 15(q)). "UK 'limited' companies are not treated as LLCs," but are "'treated as corporations for the purposes of diversity,'" and thus are citizens of their state of organization and principal place of business. *210 Brands Inc. v. Canterbury of N.Z. Ltd.*, 2020 WL 7773892, at *4 (C.D. Cal. Dec. 29, 2020)

7
DEFENDANT 3M COMPANY'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1441, CASE NO.

1  (quoting *SHLD, LLC v. Hall*, 2015 WL 5772261, at *2 (S.D.N.Y. Sept. 29, 2015)). On information and belief, Chubb was organized in and has its principal place of business in the United Kingdom. Accordingly, on information and belief, Chubb is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

30. The Complaint alleges that Defendant UTC Fire & Security Americas Corporation, Inc. ("UTC") is a Delaware corporation with its principal place of business in Florida. (*Id.* ¶ 15(r)). Accordingly, on information and belief, UTC is a citizen of Delaware and Florida.

31. The Complaint alleges that Defendant Carrier Global Corporation ("Carrier") is a Delaware corporation with its principal place of business in Florida. (*Id.* ¶ 15(s)). Accordingly, on information and belief, Carrier is a citizen of Delaware and Florida.

32. The Complaint alleges that Defendant Raytheon Technologies Corporation ("Raytheon") is a Delaware corporation with its principal place of business in Massachusetts. (*Id.* ¶ 15(t)). Accordingly, on information and belief, Raytheon is a citizen of Delaware and Massachusetts.

33. The Complaint alleges that Defendant National Foam, Inc. ("National Foam") is a Delaware corporation with its principal place of business in North Carolina. (*Id.* ¶ 15(u)). Accordingly, on information and belief, National Foam is a citizen of Delaware and North Carolina.

34. The Complaint alleges that Defendant Angus International Safety Group, Ltd. ("Angus") is a foreign private limited company registered in the United Kingdom with offices in the United Kingdom. (*Id.* ¶ 15(v)). United Kingdom LLCs are treated as corporations for the purposes of diversity and thus are citizens of their state of organization and principal place of business. *210 Brands Inc.*, 2020 WL 7773892, at *4. On information and belief, Angus was organized in and has its principal place of business in the United Kingdom. Accordingly, on information and belief, Angus is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

35. The Complaint alleges that Defendant Buckeye Fire Equipment Company ("Buckeye") is an Ohio corporation with its principal place of business in North Carolina. (*Id.* ¶ 15(w)). Accordingly, on information and belief, Buckeye is a citizen of Ohio and North Carolina.

36. The Complaint alleges that Defendant Arkema, Inc. ("Arkema") is a Pennsylvania corporation with its principal place of business in Pennsylvania. (*Id.* ¶ 15(x)). Accordingly, on information and belief, Arkema is a citizen of Pennsylvania.

37. The Complaint alleges that Defendant BASF Corporation ("BASF") is a Delaware corporation with its principal place of business in New Jersey. (*Id.* ¶ 15(y)). Accordingly, on information and belief, BASF is a citizen of Delaware and New Jersey.

38. The Complaint alleges that Defendant ChemDesign Products, Inc. ("ChemDesign") is a Delaware corporation with its principal place of business in Wisconsin. (*Id.* ¶ 15(z)). Accordingly, on information and belief, ChemDesign is a citizen of Delaware and Wisconsin.

39. The Complaint alleges that Defendant Clariant Corporation ("Clariant") is a New York corporation with its principal place of business in North Carolina. (*Id.* ¶ 15(aa)). Accordingly, on information and belief, Clariant is a citizen of New York and North Carolina.

40. The Complaint alleges that Defendant Chemicals Incorporated is a Texas corporation with its principal place of business in Texas. (*Id.* ¶ 15(bb)). Accordingly, on information and belief, Chemicals Incorporated is a citizen of Texas.

41. The Complaint alleges that Defendant Nation Ford Chemical Company ("Nation Ford") is a South Carolina corporation with its principal place of business in South Carolina. (*Id.* ¶ 15(cc)). Accordingly, on information and belief, Nation Ford is a citizen of South Carolina.

42. The Complaint alleges that Defendant AGC Chemicals Americas, Inc. ("AGC Americas") is a Delaware corporation with its principal place of business in Pennsylvania. (*Id.* ¶ 15(dd)). Accordingly, on information and belief, AGC Americas is a citizen of Delaware and Pennsylvania.

43. The Complaint alleges that Defendant AGC, Inc. ("AGC") is a Japanese corporation with its principal place of business in Japan. (*Id.* ¶ 15(ee)). Accordingly, on information and belief, AGC is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

44. The Complaint alleges that Defendant Deepwater Chemicals, Inc. ("Deepwater") is a Delaware corporation with its principal place of business in Oklahoma. (*Id.* ¶ 15(ff)). Accordingly, on information and belief, Deepwater is a citizen of Delaware and Oklahoma.

45. The Complaint alleges that Defendant Dynax Corporation ("Dynax") is a Delaware corporation with its principal place of business in New York. (*Id.* ¶ 15(gg)). Accordingly, on information and belief, Dynax is a citizen of Delaware and New York.

46. The Complaint alleges that Defendant Archroma Management, LLC ("Archroma") is a foreign limited liability company registered in Switzerland with a principal business address in Switzerland. (*Id.* ¶ 15(hh)). Thus, Archroma Management, LLC has the same citizenship as that of its members. Upon information and belief, none of the members of Archroma Management, LLC is a citizen of California or any other state in the United States. Accordingly, on information and belief, Archroma is a citizen or subject of a foreign state under 28 U.S.C. § 1332.

47. The Complaint alleges that Defendant Archroma U.S., Inc. ("Archroma U.S.") is a Delaware corporation with its principal place of business in North Carolina. (*Id.* ¶ 15(ii)). Accordingly, on information and belief, Archroma U.S. is a citizen of Delaware and North Carolina.

48. Upon information and belief, none of the Doe Defendants have been substituted with any named Defendants or been served with process. For purposes of removal, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1442(b)(1); *see also Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) ("The citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant."). Therefore, the citizenship of the Doe Defendants must be disregarded for purposes of diversity.

49. Because Plaintiff is a citizen of the State of California and no named Defendant is a citizen of the State of California, complete diversity exists among the parties to this action.

**II.  The Amount in Controversy Requirement is Satisfied.**

50. The amount in controversy requirement of 28 U.S.C. § 1332 is also satisfied in this action. The amount in controversy in a case where federal jurisdiction is based on diversity of citizenship must exceed $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. As the Supreme Court has made clear, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). Although Plaintiff does not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs.

51. The amount in controversy may include "damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016). While 3M denies that

Plaintiff is entitled to any monetary or other relief, it is plain that the amount in controversy here is in excess of the jurisdictional minimum.

52. Although Plaintiff does not state a precise dollar amount in controversy, the allegations in the Complaint show that the damages sought exceed $75,000, exclusive of interest and costs. Plaintiff, an owner and operator of a "California public water supply system" that provides drinking water to individuals and businesses in its service area, seeks to recover "all past, present, and future" damages to its property. (Compl. ¶¶ 1, 3). Plaintiff defines this property as its "water, water sources, water supplies, wells, piping, water and distribution systems, and related lands, properties, and facilities." (*Id.* ¶ 3). Plaintiff seeks multiple categories of "compensatory" damages, including (1) "costs and expenses related to the past, present, and future investigation, sampling, testing, and assessment of the extent of PFAS contamination on and within Plaintiff's Property"; (2) "costs and expenses related to the past, present, and future treatment, filtration, and remediation of PFAS contamination of Plaintiff's Property"; (3) "costs and expenses associated with and related to the removal and disposal of the PFAS contamination from Plaintiff's Property"; and (4) "costs and expenses related to the past, present, and future installation and maintenance of monitoring mechanisms to assess and evaluate PFAS on and within Plaintiff's Property." (*Id.* Prayer for Relief at 32-33). Plaintiff also seeks damages for "diminished property value" and consequential damages. (*Id.* at 33). Further, Plaintiff seeks punitive damages and attorneys' fees (*id.*), both of which count toward the amount in controversy. *See, e.g.*, *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (punitive damages); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees).

53. The foregoing allegations make plain that the amount in controversy here exceeds $75,000, exclusive of interest and costs, and thus that the jurisdictional amount-in-controversy requirement under § 1332(a) is satisfied.

54. Because there is complete diversity of citizenship between Plaintiff and Defendants, and because the amount in controversy exceeds $75,000, exclusive of interest and costs, this case is subject to removal by 3M on diversity grounds pursuant to 28 U.S.C. §§ 1332 and 1441.

* * *

WHEREFORE, 3M hereby removes this action from the Superior Court of the State of California in and for the County of Los Angeles, to this Court.

Dated: March 21, 2022                                MAYER BROWN LLP

By: */s/ Daniel D. Queen*
    Daniel D. Queen
*dqueen@mayerbrown.com*
350 South Grand Ave., 25th Floor
Los Angeles, CA 90071-1503
Telephone: (213) 229-9500

*Counsel for Defendant 3M Company*